Filed 6/3/26  P. v. Ingram CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JACK DENNIS INGRAM, JR.,<br><br>Defendant and Appellant. | F090353<br><br>(Super. Ct. No. PV003395A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Andrew Kendall, Judge.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Peña, J. and Harrell, J.

## INTRODUCTION

In 2025, appellant and defendant Jack Dennis Ingram, Jr., (appellant) was on parole when a petition for revocation of his parole was filed.  After conducting a hearing on the petition, the trial court revoked parole and sentenced him to 180 days in custody.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Appellant did not file a supplemental brief on his own behalf.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 2023, appellant was convicted in the Superior Court of Kern County of criminal threats (Pen. Code,[1] § 422) and sentenced to two years eight months in prison.

**Parole Terms and Conditions**

On January 27, 2024, appellant was released from prison on parole.

On April 4, 2025, appellant signed a document entitled "Special Condition[s] of Parole," which included the following condition identified as No. 14:

> "You shall not contact or attempt to contact your crime victim(s) [K.S., J.M., R.M., and R.J.] or their immediate family(ies) without [your parole officer's] approval.  'No Contact' means no contact in any form (e.g., direct or indirect, personally, by telephone, in writing, electronic media, email, computer, or through another person, etc.), and includes unnecessarily traveling past, or loitering near where you know or should reasonably know your victim(s) frequents, resides, is employed, or attends classes."

**Parole Violation**

On April 13, 2025, an officer from the Bakersfield Police Department responded to R.J.'s residence.  R.J. reported that she received mail from appellant addressed to her post office box, she had not provided appellant with that address, and she felt harassed. The letters to R.J. were postmarked April 10, 2025, and contained appellant's return

---

[1]     All further statutory citations are to the Penal Code unless otherwise indicated.

address.  The police contacted appellant, he was taken into custody, a parole hold was placed on him, and he was booked into jail.

On April 14, 2025, appellant's parole agent met with R.J., reviewed the letters and envelopes sent by appellant, and confirmed they were postmarked April 10, 2025.  R.J. stated she did not provide appellant with her address and did not want him to contact her.

Also on April 14, 2025, the parole agent interviewed appellant in jail.  Appellant initially denied mailing letters to R.J.  The agent advised appellant that he had seen the letters.  Appellant then said they were "nice letters."  The agent told appellant that his parole conditions prohibited him from contacting R.J.  Appellant said he did not contact R.J., and he only contacted the owner of the property by sending the letters.  The agent advised appellant that R.J. was the property owner and he had been ordered not to contact her.  Appellant then said he made a mistake, became argumentative, and the interview ended.

**Petition for Revocation of Parole**

On April 21, 2025, a petition was filed in the Superior Court of Kern County for revocation of appellant's parole.  (§§ 3000.08, 1203.2.)  The petition recounted the circumstances stated above, that appellant sent letters to R.J. in violation of a specific condition of his parole, and recommended revocation of appellant's parole because of his "ongoing risk to public safety."

The petition stated appellant had felony convictions for rape by force or fear (§ 261, subd. (a)(2)) in 1992, when he was sentenced to six years in prison; and first degree burglary in 2018, when he was sentenced to six years.  (SCT 6, 8)  Appellant was required to register as a sex offender and required to be supervised by a GPS monitor.

The petition alleged that since his release from prison on January 27, 2024, appellant had five parole violations:  he failed to properly charge his GPS device in April 2024; he failed to attend sex offender treatment in June 2024 and again in July 2024; he

3.

voluntarily admitted that he used amphetamine/methamphetamine in January 2025; and he was under the influence of a controlled substance in February 2025.

The petition stated that referrals to community-based intermediate sanctions were considered, but appellant had not made himself available for the programs and services offered to him. Based on appellant's "continued disregard for his conditions of parole and ongoing risk to public safety, [he] would not be amenable to intermediate sanctions," and it was recommended that appellant be returned to custody for the maximum time allowed of 180 days.

**Revocation Proceedings**

On April 24, 2025, appellant appeared in court and denied the petition's allegations. On May 8, 2025, the court granted appellant's motion for a formal hearing on the petition's allegations.

On June 30, 2025, the court granted appellant's motion to conduct an in camera hearing to consider his motion to relieve appointed counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. After conducting the in camera hearing, the court resumed proceedings in open court and stated that it granted appellant's motion, relieved his appointed counsel, and appointed new counsel to represent him.

## EVIDENTIARY HEARING

On July 14, 2025, the trial court conducted an evidentiary hearing on the petition to revoke appellant's parole.

Jimmy Rodriguez, appellant's parole agent, was the only hearing witness. Agent Rodriguez testified appellant was placed on parole after his conviction for criminal threats. He had a prior conviction for rape, which required him to register as a sex offender and supervision by a GPS monitor.

Rodriguez testified a supervising parole agent originally instructed appellant about the terms and conditions of his parole. Rodriguez was directed to reinstruct appellant on these conditions. On April 4, 2025, Rodriguez met with appellant and specifically

4.

advised him of condition No. 14, not to have any contact with K.S., J.M., R.M., and R.J., and about the full definition of "no contact," as stated on the special conditions document. Rodriguez testified R.J. was included in this special condition's no contact order to deter future criminality. R.J. felt threatened by appellant, lived next to appellant, in the house where appellant's victim in the criminal threats case had lived; there was an ongoing dispute between appellant and R.J.; and R.J. had made calls to the police because of harassment by appellant.

On April 13, 2025, R.J. contacted the Bakersfield Police Department to report an unwanted contact from appellant. On April 14, 2025, Agent Rodriguez was notified about R.J.'s report and spoke with her. R.J. said she had received two letters from appellant. Rodriguez reviewed the letters and envelopes, appellant's name and return address were on them, and they were postmarked April 10, 2025. The nature of the letters was that appellant wanted to get in contact with R.J. and have further conversations. There were no overt threats in the letters.

Agent Rodriguez testified these letters directly violated special condition No. 14 that prohibited any contact with R.J. Rodriguez met with appellant, who was in jail, and asked him about the letters. Appellant initially denied sending the letters, then said he was contacting the homeowner. Rodriguez told appellant that R.J. was the homeowner and he had been ordered not to contact her. Appellant said they were nice letters, and he made a mistake in violating the parole condition. Appellant said he mailed the letters on April 7, 2025, three days after he was reinstructed on the parole conditions.

**The Court's Ruling**

After hearing the evidence, the trial court found the allegations in the petition were true and revoked appellant's parole.

> "The Court finds based on the statements of [appellant] to his parole agent that he did send the two letters to [R.J.] It was a term and condition of his parole on April 4th, 2025 that he was not to have contact with [R.J.] among other protected parties. [¶] He, despite being reminded of that in person,

5.

on April 4th, 2025, he sent these letters April 7th, 2025. They are post marked April 10, 2025. Then April 13 [R.J.] calls the police to say she had received these letters at her P.O. Box. [¶] They were retrieved by Agent Rodriguez. He then interviewed [appellant] at the jail. Initially [appellant] denied sending the letters. Then he offered an explanation saying no, no, he just meant to contact the homeowner. He said they were nice letters. [¶] And when it was pointed out that the homeowner is [R.J.], he admitted he had made a mistake and violated his parole."

The trial court sentenced appellant to 180 days in local custody with 185 days of credit, ordered him to report to the parole officer the next day, and admonished him that all prior terms and conditions of parole remained in full force and effect.

On August 26, 2025, appellant filed a timely notice of appeal.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. On March 17, 2026, this court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues. Appellant did not do so.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.